**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CINCINNATI GLOBAL DEDICATED NO. 2 LIMITED | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO:    1:22cv154 TBM-RPM |
| BAYOU CADDY FISHERIES, INC.; BAYOU CADDY ENTERPRISES, INC.; and BAYOU CADDY TRUCKING, INC. | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Cincinnati Global Dedicated No. 2 Limited (hereinafter "Cincinnati"), and for its Complaint for Declaratory Judgment against Defendants, Bayou Caddy Fisheries, Inc., Bayou Caddy Enterprises, Inc., and Bayou Caddy Trucking, Inc. (collectively "Defendants" or "Bayou Caddy") alleges as follows:

### I.      NATURE OF ACTION

1.      This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.  Plaintiff seeks a determination of the parties' rights and obligations under Policy No. TN139898 (hereinafter the "Policy") subscribed to by Certain Underwriters at Lloyd's, London (hereinafter "Underwriters"), including Cincinnati, and provided to Defendants as the Named Insureds.  The dispute pertaining to the Policy involves a claim submitted by Defendants for damage to insured property.

2.      The Policy provided commercial property coverage for property owned by Defendants located at 5200 Shipyard Rd., Bay St. Louis, MS 39520 (hereinafter the "Insured Property") with a property limit of $750,000 for the Insured Property[1].  The claim arises out of purported damage to the Insured Property alleged caused by Hurricane Zeta on October 28-29, 2020.

3.      Defendants submitted a claim under the Policy for damage to the Insured Property.

4.      Underwriters investigated Defendants' claim for damage and, through their retained independent adjuster and associated experts, determined that any damage to the Insured Property as a result of Hurricane Zeta did not exceed the applicable deductible of $37,500.

5.      The damage caused by Hurricane Zeta was limited to isolated displaced soffit panels and window awnings.

6.      Underwriters further determined there was no damage to the Insured Property's roof, as there were no panels lifted along the eaves, no displaced ridge caps, no lifted roof panels and no punctures from wind-blown debris.

7.      In addition, Underwriters determined that the claimed interior damage was the result of long-term weathering, including in the paint and sealants.  These coverage determinations were explained to Defendants in a letter dated March 17, 2021.

8.      Defendants, through their public adjuster, Miles Corbitt, demanded appraisal to resolve outstanding disputed issues.

9.      Underwriters' representatives advised Mr. Corbitt that Mississippi law did not permit an appraisal to address any issues related to coverage or causation of damage, which Mr.

---

[1] The Policy also insures two other locations that are not relevant to this claim.

Corbitt acknowledged and indicated the appraisal would only address the value of damage the parties agreed was caused by Hurricane Zeta.

10.      The appraisers entered an award inconsistent with their duties under Mississippi law.  The appraisal award indicates the appraisers determined the cause of the damages identified in their estimate and set an award that included replacement of components Underwriters previously determined were not damaged by Hurricane Zeta and not covered by the Policy. The total replacement cost value according to the appraisal award is $644,527.39.

11.      Underwriters issued a letter to the Defendants on December 28, 2021, advising Defendants that the appraisal award violated the Policy and Mississippi law and its determinations. Underwriters further reiterated its prior coverage position, set forth in the March 17, 2021 letter.

12.      Cincinnati brings this action seeking a declaration the appraisal conducted violates the Policy and Mississippi law and is not enforceable.  Cincinnati further seeks a declaration that it owes nothing under the Policy's terms, conditions, limitations and exclusions.

## II.      PARTIES

13.      Plaintiff Cincinnati Global Dedicated No. 2 Limited contributed 92.1974% of the capital to Syndicate 318 for the 2020 year of account and Syndicate 318 secured 78% of 25% of the risk of Policy No. TN139898.  Thus, Cincinnati's total share of the risk on the Policy is 17.9%. Syndicate 318 is a Lloyd's syndicate that is duly authorized to conduct business within the Lloyd's of London insurance market place. Thus, Cincinnati has a real and substantial stake in the outcome of this action.

14.      Cincinnati is incorporated under the laws of England and Wales and maintains its principal place of business at One Mincing Court, Third Floor, Mincing Lane, London UK EC3R 7AA.

15.     Defendants have asserted entitlement to over $640,000 in insurance proceeds; as such, Cincinnati, contributing 92.1974% of the capital to Syndicate 318, and having 17.9% of the interest in the Policy, has well in excess of $75,000 at stake in this matter.

16.     Defendant Bayou Caddy Fisheries is a Mississippi for-profit corporation with a principal office address of 5200 Shipyard Rd., Lakeshore, MS 39558.

17.     Defendant Bayou Caddy Enterprises is a Mississippi for-profit corporation with a principal office address of 5200 Shipyard Rd., Lakeshore, MS 39558.

18.     Defendant Bayou Caddy Trucking is a Mississippi for-profit corporation with a principal office address of 5200 Shipyard Rd., Lakeshore, MS 39558.

## III.     JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the United Kingdom and citizens of Mississippi.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants are all Mississippi for-profit corporations, the Insured Property is located in Mississippi, and thus, Defendants are subject to this Court's personal jurisdiction.

## IV.     STATEMENT OF CLAIM

### A. The Policy

21.     Cincinnati subscribed to the Policy issued to Defendants by Underwriters. *See* Policy attached as Exhibit 1.

22.     The Policy had a period of February 12, 2020 to February 12, 2021. *See* Exhibit 1 at Declaration Page.

23.     The Policy covered premises located at 5200 Shipyard Rd., Bay St. Louis, Mississippi 39520. *Id.*

24.      The Policy contains a $750,000 limit of insurance for the Insured Property. *Id.*

**B. The Claim**

25.      Hurricane Zeta impacted Mississippi on or about October 28-29, 2020.

26.      Defendants reported a claim to Underwriters. Underwriters dispatched an adjuster to investigate the loss.

27.      Underwriters determined the cost to repair damage to the Insured Property caused by Hurricane Zeta did not exceed the Policy's $37,500 deductible for wind or hail claims.

28.      Underwriters further determined Hurricane Zeta did not damage other components of the Insured Property or alleged damage was the result of wear and tear or other deterioration.

29.      Underwriters issued a letter to the Defendants on March 17, 2021, setting forth their coverage position.

30.      Defendants' public adjuster demanded appraisal of the loss.

31.      Underwriters' representatives advised Defendants' public adjuster that the Policy and Mississippi law did not permit the appraisal to determine coverage issues or the causation of any purported damages. Defendants' public adjuster responded that he understood and agreed.

32.      The appraisal award improperly determined causation issues to a range of the Insured Property's components, including many components Underwriters had advised Defendants were not damaged by Hurricane Zeta.

33.      Therefore, the appraisal award impermissibly makes coverage and causation determinations prohibited by the Policy and Mississippi law.

34.      Defendants continue to insist the appraisal award is valid, despite the appraisal award's clear violation of Policy language and applicable law, even after Underwriters have explained to Defendants the appraisal award violates the Policy's language and applicable law.

**COUNT I**
**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**
**APPRAISAL NOT APPROPRIATE UNDER MISSISSIPPI LAW AND THE POLICY**

35.     Cincinnati incorporates and re-alleges the allegations in paragraph 1 through 34 as if fully set forth herein.

36.     Cincinnati investigated Defendants' claim and determined any damage caused by Hurricane Zeta did not exceed the applicable deductible.

37.     Defendants did not agree with that determination and demanded appraisal.

38.     Cincinnati's representative advised Defendants' public adjuster that the appraisal could not make any determination of coverage or causation and Defendants' public adjuster agreed.

39.     The appraisal award issued improperly makes coverage and causation determinations.

40.     The appraisal award violates Mississippi law, which does not permit the appraisal process to determine any issue related to coverage or causation.

41.     Cincinnati properly advised Defendants the appraisal award violated the Policy's language and Mississippi law and is not binding.

42.     An actual controversy within the meaning of 28 U.S.C. § 2201 now exists between Cincinnati and Defendants concerning the enforceability of the appraisal award.

43.     Cincinnati seeks a declaration that the appraisal award is not enforceable and violates Mississippi law.

**COUNT II**
**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**
**CINCINNATI PROPERLY DETERMINED COVERED DAMAGE**

44.     Cincinnati incorporates and re-alleges the allegations in paragraph 1 through 43 as if fully set forth herein.

45.     Cincinnati, through its representatives, investigated the property damage claim submitted by Plaintiffs.

46.     Cincinnati's investigation determined the reasonable cost to repair damage to the Insured Property caused by Hurricane Zeta did not exceed the Policy's applicable deductible.

47.     Defendants disagree with this determination and claim the damage to the Insured Property caused by Hurricane Zeta exceeds $640,000.

48.     Therefore, Cincinnati seeks a declaration from this Court it has properly determined covered damage to the Insured Property did not exceed the applicable deductible under the Policy pursuant to its terms, conditions, limitations and exclusions.

WHEREFORE, Cincinnati requests a declaratory judgment from this Court that:

a.  The appraisal award violates the Policy and Mississippi law and is not valid;

b.  Cincinnati properly determined covered damage to the Insured Property did not exceed the applicable deductible; and

c.  Cincinnati owes no amounts to Defendants.

Respectfully submitted this 21st day of June, 2022.

**CINCINNATI GLOBAL DEDICATED NO. 2 LIMITED**


BY:     */s/ Whitman B. Johnson III*
        WHITMAN B. JOHNSON III (MSB #3158)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 RIVER OAKS DR., FLOWOOD, MS 39232
P. O. BOX 750, JACKSON, MS 39205-0750
TELEPHONE: (601) 969-1010
FACSIMILE: (601) 969-5120
wjohnson@curriejohnson.com