UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CINCINNATI GLOBAL<br>DEDICATED NO. 2 LIMITED | PLAINTIFFS |
| V. | CASE NO.:  1:22-cv-00154-TBM-RPM |
| BAYOU CADDY FISHERIES, INC.;<br>BAYOU CADDY ENTERPRISES, INC.;<br>and BAYOU CADDY TRUCKING, INC. | DEFENDANTS |

AND

| | |
|---|---|
| BAYOU CADDY FISHERIES, INC.;<br>BAYOU CADDY ENTERPRISES, INC.;<br>and BAYOU CADDY TRUCKING, INC. | COUNTER-PLAINTIFFS |
| V. | |
| CINCINNATI GLOBAL<br>DEDICATED NO. 2 LIMITED;<br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON;<br>AND/OR D/B/A AMWINS ACCESS INSURANCE<br>SERVICES, LLC | COUNTER-DEFENDANTS |

**MEMORANDUM BRIEF SUPPORTING COUNTER-DEFENDANT
CINCINNATI GLOBAL DEDICATED NO. 2 LIMITED'S MOTION TO DISMISS
CERTAIN COUNTS IN COUNTER-PLAINTIFFS' COUNTERCLAIM**

COMES NOW the Counter-Defendant, Cincinnati Global Dedicated No. 2 Limited (hereinafter "Cincinnati"), by and through counsel, and files this its Memorandum Brief Supporting its Motion to Dismiss Certain Counts in Counter-Plaintiffs, Bayou Caddy Fisheries, Inc., Bayou Caddy Enterprises, Inc., and Bayou Caddy Trucking, Inc.'s (collectively "Counter-Plaintiffs") Counterclaim [Doc. 11], pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof would show unto the Court the following:

## I. INTRODUCTION

Cincinnati brought a declaratory judgment action seeking a determination regarding the purported appraisal award entered with respect to an insurance claim submitted by Counter-Plaintiffs and to establish Cincinnati's coverage position is correct. In response to that declaratory judgment complaint, Counter-Plaintiffs asserted a laundry list of claims against Cincinnati (and other entities it listed as Counter-Defendants that were purportedly added to the lawsuit). These claims include breach of insurance contract, bad faith and negligent investigation, unfair trade acts/practices, unjust enrichment, and breach of the implied covenant of good faith and fair dealing.

Mississippi law, however, does not permit an insured to pursue claims against an insurer for unfair trade acts/practices, unjust enrichment or breach of the implied covenant of good faith and fair dealing. Thus, those claims do not assert plausible claims for relief against Cincinnati and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. LEGAL ARGUMENT

### A. Standard of Review

Fed. R. Civ. P. 12(b)(6) permits dismissal of causes of action where the claim fails to "state a claim upon which relief may be granted." When reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir. 2007). The plaintiff's factual allegations must be enough to "raise a right of relief above the speculative level," upon the assumption that all the allegations in the complaint are true. *Id.* The complaint must contain something more than a statement of facts that merely creates the suspicion of a legally cognizable right of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562-63, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Although the Court takes factual allegations in the complaint as true, it is not required to accept conclusory allegations or legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. at 678; *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). When it is clear that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief, dismissal is appropriate. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

      **B.    Claims For Unfair Trade Acts/Practices and Deceptive Trade Acts/Practices Against Insurers are Not Recognized in Mississippi and Should Be Dismissed.**

The third count in Counter-Plaintiffs' Counterclaim alleges Underwriters' engaged in unfair and/or deceptive trade practices and/or acts under Miss. Code Ann. § 83-5-33 and § 83-5-35. *See* Counterclaim, [Doc. 11] at ¶¶71-73. These statutes, however, pertain solely to the regulatory authority of the Mississippi Insurance Commission and do not create a private cause of action. *Protective Services Life Ins. Co. v. Carter,* 445 So. 2d 215, 218 (Miss. 1984); *Watson v. First Commonwealth Life Ins. Co.,* 686 F.Supp. 153, 155 (S.D. Miss. 1988); *Burley v. Homeowners Warranty Corp.,* 773 F. Supp. 844, 861 (S.D. Miss. 1990), *aff'd sub nom. Burley v. Homeowners Warranty*, 936 F.2d 569 (5th Cir. 1991); *Protective Service Life Insurance Co. v. Carter,* 445 So. 2d 215, 219 (Miss. 1983) ("There is no provision in [these] statutes for a cause of action or damages . . .").

Specifically, Miss. Code Ann. § 83-5-33 provides that unfair trade practices in the business of insurance are prohibited, while § 83-5-35 defines such practices. However, Mississippi courts have clearly stated that "There is no provision for private civil actions in that statute, however, and no right of civil action has been implied." *Watson v. First Commonwealth Life Ins. Co.*, 686 F. Supp. 153, 155 (S.D. Miss. 1988); *see also Burley v. Homeowners Warranty Corp.*, 773 F. Supp.

3

844, 861 (S.D. Miss. 1990) ("This statute, however, pertains solely to the regulatory authority of the Mississippi Insurance Commission and does not create a private cause of action.").

Miss. Code Ann. § 83-5-33 and § 83-5-35 do not provide Counter-Plaintiffs a private cause of action for violation of the insurance unfair trade practices act. Therefore, Counter-Plaintiffs' unfair and/or deceptive trade practices and/or acts claim is not a claim upon which relief can be granted and should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Claims for Unjust Enrichment Against Insurer Are Not Recognized and Should Be Dismissed.

Counter-Plaintiffs include a cause of action against Cincinnati for unjust enrichment. *See* Counterclaim, [Doc. 11] at ¶¶ 76-83. In support of this cause of action, Counter-Plaintiffs allege Cincinnati has been unjustly enriched by accepting premiums without paying funds due on this particular claim. *Id.* Cincinnati denies it has withheld amounts due under the insurance policy, but its position regarding the substance of these facts is irrelevant because Mississippi law does not permit an insured to assert an unjust enrichment claim against an insurer.

Under Mississippi law, "[u]njust enrichment only applies to situations where there is no legal contract." *Powell v. Campbell,* 912 So. 2d 978, 982 (¶ 14) (Miss. 2005). It is well settled that an insurance policy is an enforceable contract between an insurer and an insured. *See, e.g., Miss. Ins. Guar. Ass'n v. Blakeney,* 54 So. 3d 203, 205 (¶ 6) (Miss. 2011); *Smith v. Med. Life Ins. Co.,* 910 So. 2d 48, 51 (¶ 9) (Miss. Ct. App. 2005). It is also well settled that the existence of an actual contract precludes any claim for unjust enrichment, which is based on a contract implied-in-law. *See, e.g., Spansel v. State Farm Fire & Cas. Co.,* 683 F.Supp.2d 444, 453 (S.D. Miss. 2010); *Mayer v. Angus,* 83 So.3d 444, 451 (¶ 24) (Miss. Ct. App. 2012).

There is no question there is a legal contract between Cincinnati (and other subscribers) on the one hand, and Counter-Plaintiffs on the other. A claim of unjust enrichment cannot stand in

Mississippi when there is a legal contract as there is here. Therefore, Counter-Plaintiffs' unjust enrichment claim does not allege a cause of action upon which relief can be granted and it should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### D. Allegations Related to Breach of Fiduciary Duty are Not Proper Against Insurer and Should be Dismissed

The Counter-Plaintiffs allege that Cincinnati breached "fiduciary" duties purportedly owed under the relevant insurance contract. *See* Counterclaim, [Doc. 11] at ¶¶ 35(b), 53, 91(i). Contrary to Counter-Plaintiffs unfounded allegations, Mississippi courts have determined that a first-party property insurer, such as Cincinnati, owes no fiduciary obligation to its insured.

"To maintain an action for breach of fiduciary duty, a fiduciary relationship must exist." *Gibson v. Markel Int'l, Ltd.*, No. 1:07-cv-1245-HSO-JMR, 2008 WL 3842977, at *6 (S.D. Miss. Aug. 14, 2008) (citing *Skinner v. USAble Life*, 200 F. Supp. 2d 636, 641 (S.D. Miss. 2001)). Under Mississippi law, an insurer does not owe a fiduciary duty to the insured in the context of first-party claims. *See Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 280 n.7 (5th Cir. 1988).

Cincinnati owes no fiduciary duty to the Counter-Plaintiffs and the Counter-Plaintiffs cannot plausibly state a claim for breach of fiduciary duty upon which relief may be granted. Therefore, Cincinnati respectfully requests this Court dismiss Counter-Plaintiffs' causes of action for breach of fiduciary duty with prejudice.

### III. CONCLUSION

For the reasons set forth in this Memorandum Brief, Cincinnati Global Dedicated No. 2 Limited, prays that the Court will grant its Motion to Dismiss Certain Counts in Counter-Plaintiffs' Counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully requests the Court dismiss the

counts in the Counter-Plaintiffs' Counterclaim for (1) unfair trade acts/practices and deceptive trade acts/practices, (2) unjust enrichment, and (3) breach of fiduciary duty.

    Respectfully submitted this 5th day of October, 2022.

                                                **CINCINNATI GLOBAL DEDICATED NO. 2 LIMITED**

                                      BY:   */s/ Whitman B. Johnson III*
                                                      WHITMAN B. JOHNSON III (MSB #3158)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 RIVER OAKS DR., FLOWOOD, MS 39232
P. O. BOX 750, JACKSON, MS 39205-0750
TELEPHONE: (601) 969-1010
FACSIMILE: (601) 969-5120
wjohnson@curriejohnson.com

CHRISTOPHER J. SHANNON (*PRO HAC VICE*)
WALKER WILCOX MATOUSEK LLP
ONE NORTH FRANKLIN ST., SUITE 3200
CHICAGO, IL 60606
TELEPHONE: (312) 244-6728
FACSIMILE: (312) 244-6800
cshannon@walkerwilcox.com

## CERTIFICATE OF SERVICE

    I, Whitman B. Johnson III, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

    This 5th day of October, 2022.

                                                  */s/ Whitman B. Johnson III*
                                                  WHITMAN B. JOHNSON III